**ASAF LAW**
Asaf Agazanof, Esq. (SBN 285043)
Asaf@Lawasaf.com
8730 Wilshire Blvd. Suite 310
Beverly Hills, CA 90211
Telephone: (424) 254-8870
Facsimile: (888) 254-0651

*Attorney for Plaintiffs*,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALDO SAN JOSE, ERLINDA SAN JOSE, ROLANDO SAN JOSE, **Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br>v.<br><br>**PIONEER CREDIT RECOVERY, INC., and DOES 1 through 10, inclusive, and each of them,**<br><br>Defendants. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. RONALDO SAN JOSE, ERLINDA SAN JOSE and ROLANDO SAN JOSE ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PIONEER CREDIT RECOVERY, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as

1

**CLASS ACTION COMPLAINT**

to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of

**CLASS ACTION COMPLAINT**

violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California as not only does Defendant regularly conduct business throughout the State of California, but Plaintiffs reside within the County of Los Angeles within the State of California.

## PARTIES

7. Plaintiffs are, and at all times mentioned herein were, citizens and residents of the State of California. Plaintiff RONALDO SAN JOSE is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff ERLINDA SAN JOSE is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff ROLANDO SAN JOSE is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters is in Arcade, New York. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiffs were citizens of the State of California. Plaintiffs are, and at all times mentioned herein were, "person(s)" as defined by 47 U.S.C. § 153 (39).

10. Defendant is, and at all times mentioned herein was, a Corporation and a

3

**CLASS ACTION COMPLAINT**

"person," as defined by 47 U.S.C. § 153 (39).

11. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

12. Beginning in or around May of 2014, Defendant utilized Plaintiff RONALDO SAN JOSE's cellular telephone number, ending in 4366, to place calls to Plaintiff.

13. Beginning in or around May of 2014, Defendant utilized Plaintiff RONALDO SAN JOSE's cellular telephone number, ending in 6413, to place calls to Plaintiff.

14. Beginning in or around May of 2014, Defendant utilized Plaintiff ERLINDA SAN JOSE's cellular telephone number, ending in 6201, to place calls to Plaintiff.

15. Beginning in or around May of 2014, Defendant utilized Plaintiff ROLANDO SAN JOSE's cellular telephone number, ending in 8960, to place calls to Plaintiff.

16. The calls Defendant placed to Plaintiffs cellular telephones were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

17. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

18. The telephone numbers that Defendant, or its agents, called was assigned to cellular telephone services for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

19. The telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20. RONALDO SAN JOSE did not provide Defendant with his cellular phone numbers. Accordingly, neither Defendant nor its agents were provided with prior express consent to place a call via its ATDS to Plaintiff's cellular

telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. ROLANDO SAN JOSE and ERLINDA SAN JOSE never had a prior business relationship with Defendant and did not provide Defendant with their cellular phone numbers. Accordingly, neither Defendant nor its agents were provided with prior express consent to place a call via its ATDS to Plaintiffs' cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. The telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

24. Plaintiffs represent, and are members of, the Class, consisting of All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filling of the Complaint.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members

5

**CLASS ACTION COMPLAINT**

were damaged thereby.

27. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls to the Class (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

   b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

30. As persons that received calls from Defendant via an automated telephone dialing system, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the

6

**CLASS ACTION COMPLAINT**

Class.

31. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. Plaintiffs has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendant constitute numerous and

**CLASS ACTION COMPLAINT**

multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

///

///

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

45. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

48. Any other relief the Court may deem just and proper.

### Trial By Jury

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: August 20, 2014

**ASAF LAW**

BY: /s/ ASAF AGAZANOF
ASAF AGAZANOF, ESQ.
ATTORNEY FOR PLAINTIFFS

**CLASS ACTION COMPLAINT**